UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

YARITZA M. MIRANDA, JEZZIEL RIVERA-MIRANDA,

Plaintiffs,

v.

IPR PHARMACEUTICALS, et al.,

Defendants.

Civil No. 10-2238 (JAF)

**OPINION AND ORDER**

Plaintiffs sue under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to e-17; the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213; and the Equal Pay Act, 29 U.S.C. § 206(d)(1). (Docket No. 1.) Plaintiff Yaritza Miranda ("Yaritza") alleges discrimination on the basis of her sex and the disability of her son, coplaintiff Jezziel Miranda ("Jezziel"). (Docket No. 1.) Plaintiffs also claim relief under Puerto Rico law, specifically 29 L.P.R.A. § 146 (2008) ("Law 100"); 29 L.P.R.A. § 1321 (2008) ("Law 69"); 1 L.P.R.A. § 501 (1995) ("Law 44"); and Puerto Rico tort law ("Article 1802") under 31 L.P.R.A. § 5141 (2009). Codefendant AstraZeneca ("AstraZeneca") moves for dismissal under Federal Rule of Civil Procedure 12(b)(2), (4) and (5), asserting lack of personal jurisdiction, insufficient process, and insufficient service of process. (Docket No. 12.) In the alternative, AstraZeneca asks the court to quash service of process. (Id.) Codefendants Rosa Caraballo ("Caraballo") and Marcelino

Meléndez ("Meléndez") ("Movants") each move for dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 14; 15.) Plaintiffs do not respond.

**I.**

**Factual Allegations**

We derive the following allegations from the complaint. (Docket No. 1.) Yaritza is an employee of codefendant IPR Pharmaceuticals ("IPR"), where she has worked since January of 2002. (Id. at 3.) IPR is a corporation organized under the laws of the Commonwealth of Puerto Rico, with offices in Canóvanas, Puerto Rico. (Id.) IPR's parent corporation is AstraZeneca PLC, a corporation existing under the laws of the United Kingdom, with its principal place of business in London, England. (Id.)

In 2002, Yaritza was hired by IPR as an Industrial Mechanic I. (Id. at 5.) Since then, as the only woman employed as an Industrial Mechanic, (id. at 6), Yaritza alleges that she has been the victim of "a continuous and incremental pattern of interference . . . as well as discriminatory and unequal treatment." (Id. at 5.) Despite receiving generally positive performance reviews, Yaritza has never been promoted to Industrial Mechanic II or III, although seven other men, hired at the same time or after her, did receive these promotions. (Id. at 6.) IPR also paid higher salaries, benefits, and bonuses to men who performed identical functions and duties as Yaritza. (Id.)

Yaritza suffers from a medical condition that causes her to have arrhythmia in stressful situations. (Id. at 9.) This condition has caused her to be absent from work. (Id.) Yaritza's son, coplaintiff Jezziel, was recently diagnosed with autism. (Id. at 7.) Because of her son's condition and special educational needs, Yaritza had to arrive later than the required entry time.

(Id.) To accommodate her new schedule, Yaritza requested a flexible schedule, as permitted by the employee manual. (Id. at 8.) These requests were denied by Meléndez, Yaritza's direct supervisor, as well as by Caraballo, the Human Resources officer assigned to her case. (Id. at 8.) Other male employees who had children with special needs were granted flexible schedules. (Id.) In 2010, Meléndez called a meeting to inform Yaritza that her requests for a flexible schedule were being denied, warning her that Human Resources "was going to take action against her for her tardiness and absenteeism problems." (Id. at 9.) Yaritza was subject to heightened supervision and monitoring, while other male employees–who had similar patterns of tardiness and absenteeism–were not. (Id.)

Although Yaritza was eventually granted a flexible schedule, the hostile work environment otherwise did not improve. (Id. at 10–11.) With Caraballo's knowledge and consent, Meléndez humiliated Yaritza publicly and excluded her from important projects. (Id. at 11.) A representative of IPR's Human Resources Department also informed Yaritza that absence for maternity leave negatively affected women's semester evaluations, salaries, and bonuses. (Id.) When Yaritza complained to Meléndez of her unfair treatment in 2009, Meléndez admitted that Yaritza should have been promoted, while claiming that the men's promotions were designated "from above." (Id. at 5.)

On September 16, 2010, Yaritza filed an administrative complaint before the Equal Employment Opportunity Commission ("EEOC"), alleging a hostile work environment and gender discrimination. (Id. at 4.) On September 20, 2010, the EEOC issued a "notice of right to sue" letter. (Id.) On January 21, 2011, Plaintiffs attempted to serve process on AstraZeneca by delivering a copy of the complaint and summons to Mr. Carlos Berroa ("Berroa"), a security

facilitator for IPR, in Canóvanas, Puerto Rico. (Docket No. 12–1.) The summons was addressed to "AstraZeneca PLC, Road 188 Lot 17, San Isidro Industrial Park, Canovanas, Puerto Rico 00729." (Docket No. 1–3.)

**II.**

**Standard for a Motion to Dismiss Under 12(b)(2), (4), (5) and (6)**

**A. Rule 12(b)(6)**

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

"[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). In considering a complaint's adequacy, we disregard "statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (internal quotation marks omitted). We then take as true what remains, "[n]onconclusory factual allegations . . . even if seemingly incredible." Id. On the basis of those properly-pled facts, we assess the "reasonableness of the inference of liability that the plaintiff is asking the court to draw." Id. at 13.

**B. Rules 12(b)(4) and (5)**

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5), a defendant may move for dismissal based on insufficient process and service of process. "Before . . . a court may exercise

personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[1] Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (internal quotations omitted). When a defendant challenges service of process, the burden shifts to the plaintiff to show that service was sufficient. Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992) ("once challenged, plaintiffs have the burden of proving proper service").

## III.

## Discussion and Analysis

### A. Rule 12(b)(6) Motion

#### 1. Title VII and the ADA

Movants contend that Plaintiffs have failed to state a claim against them under Title VII and the ADA,[2] as there is no individual liability under these statutes. (Docket No. 15 at 4.) We agree. See Roman-Oliveras v. P.R. Elec. Power Auth., 655 F.3d 43, 51–52 (1st Cir. 2011) (finding no individual liability under Title I of the ADA); Fantini v. Salem State Coll., 557 F.3d 22, 28–31 (1st Cir. 2009) (finding no individual liability under Title VII).

Movants also argue that Plaintiffs have no independent claims against them under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, since that statute provides only "additional remedies" for Title VII and ADA violations, and "does not create a new cause of action." (Docket No. 15 at 6.) We agree. Dismissal of Plaintiffs' Title VII and ADA claims precludes

---

[1] Because we find that Plaintiffs have failed to serve process on AstraZeneca, we do not reach AstraZeneca's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

[2] Though Plaintiffs' complaint does not specify which title of the ADA grounds their suit (Docket No. 1 at 1), we construe the complaint as arising under Title I, which regulates employment.

any recovery under the Civil Rights Act of 1991. See Rivera Concepción v. P.R., 682 F.Supp.2d 164, 172 (D.P.R. 2010) (construing § 1981a as "a statute pertaining exclusively to remedies"); see also Huckabay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998) ("Section § 1981a does not create a new substantive right or action. Rather, the plain language of the statute shows that it merely provides an additional remedy" for unlawful employment practices).

**2. Equal Pay Act**

Movants argue that Plaintiffs have failed to state a claim against them under the Equal Pay Act, contending that "[o]ther than the conclusory allegations asserted in the Complaint, Plaintiff fails to allege any facts supporting individual liability." (Docket No. 15 at 8.) We disagree.

The Equal Pay Act prohibits a covered "employer" from discriminating, based on sex, "by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d). "Employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

In determining whether corporate officers may be liable as an "employer" under the Equal Pay Act, the First Circuit uses a multi-factor "economic reality" test. See Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983). Factors relevant to the analysis include: the officers' ownership interest in the corporation; their degree of operational control over the corporation's daily functions, financial affairs and compensation practices; and "the role played by the corporate officers in causing the corporation to undercompensate employees." Baystate

Alt. Staffing, Inc. v. Herman, 163 F.3d 668, 678 (1st Cir. 1998) (citing Donovan v. Agnew, 712 F.2d 1509, 1510 (1st Cir. 1983)). The First Circuit has emphasized that the critical factor in the analysis is the officers' "personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act." Baystate Alt. Staffing, 163 F.3d at 678.

Here, Plaintiffs have made several specific allegations of Movants' discriminatory treatment of Yaritza. Movants are alleged to have denied benefits to Yaritza and unfairly disciplined and humiliated her, because of her gender. (Docket No. 1 at 8–11.) The complaint also alleges that Yaritza was paid less than her male co-workers for performing the same duties, and unfairly passed over for promotions. (Id. at 6.) We find these allegations sufficient to state a claim under the Equal Pay Act against Movants. The question of whether these Movants may be individually liable "requires a fact-intensive inquiry ill-suited to resolution under Rule 12. Rather, the issue is properly resolved by summary judgment following the admission of affidavits, depositions, and other evidence allowed under Rule 56(c), or at trial." Bergstrom v. Univ. of N.H., 959 F. Supp. 56, 62 (D.N.H. 1996) (denying motion to dismiss on the issue of individual liability under Equal Pay Act).

**3. Article 1802**

Movants argue for dismissal of Plaintiffs' general tort law claims under Article 1802. (Docket No. 15 at 9.) Movants argue that under Puerto Rico law, Plaintiffs may not recover under Article 1802 for conduct that is covered by specific labor or employment legislation. (Id.) We agree. Plaintiffs have not alleged any tortious conduct independent from their employment law claims. Therefore, they are barred from seeking relief under Article 1802. See Medina v.

Adecco, 561 F. Supp. 2d 162, 175 (D.P.R. 2008) (dismissing Article 1802 claims against plaintiff's individual supervisor, where plaintiff had pled claims under specific Puerto Rico employment statutes); Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999) (holding that plaintiff may not recover under Article 1802 when suing for conduct addressed by Puerto Rico employment statutes).

**4. Law 44**

Movants argue that no personal liability can attach under Puerto Rico Law 44, because that statute mirrors the federal ADA, and individual liability is barred under both statutes. (Docket No. 15 at 11.) We agree. See Roman-Oliveras, 655 F.3d at 51–52 (finding no individual liability under Title I of the ADA); Ruiz-Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 87 (1st Cir. 2008) ("Law 44 and the ADA are coterminous").

**5. Laws 100 and 69**

Finally, Movants argue for dismissal of Plaintiffs' claims against them under Puerto Rico Law 100 and Law 69, arguing that an individual supervisor may not be sued as an "employer" under these statutes. (Docket No. 15 at 11.) We disagree. The First Circuit has expressly stated that supervisors may be held liable under Law 100.[3] See Perez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 22 n.7 (1st Cir. 2011) ("The Puerto Rico Supreme Court has interpreted Law 100, unlike Title VII, to permit holding agents, officials, administrators, and supervisors civilly liable as 'employers' under the statute.").

---

[3] Movants argue that individual liability attaches only in sexual harassment cases. (Docket No. 15 at 13 (citing Rosario Toledo v. Distribuidora Kikuet Inc., 151 D.P.R. 634, 647 (2000)). We disagree. See Otero-Merced v. Preferred Health, Inc., 680 F. Supp. 2d 388, 392 n.5 (D.P.R. 2010) (stating that "Kikuet does not support such a limited reading. See Kikuet, 151 D.P.R. at 644 (finding a liberal interpretation of the statutes designed to protect workers from sexual harassment *and* discriminatory acts 'imperative')").

The same rule applies to Plaintiffs' claims under Law 69, which defines "employer" in virtually the same way as Law 100.[4] See Huertas Gonzalez v. Univ. of P.R., 520 F. Supp. 2d 304, 316 (D.P.R. 2007) (holding that Law 69 provides for individual liability); Vargas v. Fuller Brush Co. of P.R., 336 F. Supp. 2d 134, 143 (D.P.R. 2004) (noting that Law 69 and Law 100 are part of a common statutory scheme to proscribe sex discrimination, and holding that "Law 69 do[es] support individual liability"). Therefore, we decline to dismiss Plaintiffs' claims under Law 100 and Law 69.

**B. Rule 12(b)(2), (4) and (5)**

AstraZeneca argues that the court lacks in-personam jurisdiction over it (Docket No. 12 at 3–11), and that Plaintiffs' attempt at service of process was defective (Id. at 11–16).[5]

Federal Rule of Civil Procedure 4(h)(1) provides for two methods of service to a corporation within a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

---

[4] Law 69 defines employer as "any natural or juridical person that employs laborers, workers or employees, and the chief, agent, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer or representative of said natural [or juridical] person." 29 L.P.R.A. § 1322(2). The only difference between the definitions in Law 69 and Law 100 is that Law 69 does not cover Puerto Rico government agencies. See 29 L.P.R.A. § 151(2).

[5] Because we decide to quash service of process, we do not reach the question of in-personam jurisdiction. See Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985) (declining to answer whether defendant was amenable to in-personam jurisdiction, after finding that plaintiff failed to make proper service).

As to Rule 4(h)(1)(b), AstraZeneca has put forth a sworn affidavit by Berroa, the security guard at IPR whom Plaintiff served with a copy of the summons. (Docket No. 12-1.) In his affidavit, Berroa states that he is "not, in any way whatsoever, a managing agent, administrative manager, general agent, registered agent, or any agent authorized by appointment or designated by law to receive service of process on behalf of AstraZeneca PLC. In fact, I am not and have never been an employee of AstraZeneca PLC." (Id.) AstraZeneca has also produced an affidavit by AstraZeneca UK Limited's Deputy General Counsel, William McIlveen ("McIlveen"). (Docket No. 12–2.) In his affidavit, McIlveen states the following:

> 4. AstraZeneca is a corporation operating and existing under the laws of the United Kingdom, with its registered office at 2 Kingdom Street, Paddington, London W2 6BD.
> 5. AstraZeneca is a separate and distinct legal entity from IPR Pharmaceuticals, Inc. ("IPR). IPR is organized under the laws of the Commonwealth of Puerto Rico and has its principal offices in Canóvanas, Puerto Rico.
> 6. AstraZeneca does not conduct business in Puerto Rico and does not control or direct the business operations of IPR in Puerto Rico. To the best of my knowledge and belief, AstraZeneca does not have any banking or checking accounts in Puerto Rico, does not file income tax returns in Puerto Rico and does not have any facilities, offices or employees in Puerto Rico.

(Id.)

Plaintiff has done nothing to refute these statements or to carry out its burden of showing that its method of service–handing a copy of the summons to Berroa–was sufficient as to AstraZeneca. We agree with AstraZeneca that Plaintiffs' attempt at service of process was insufficient under Rule 4(h)(1)(b).

Rule 4(h)(1)(a) authorizes service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(a). Rule 4(e)(1) states that defendants may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Puerto Rico Rule of Civil Procedure 4.4(e), which closely mirrors Federal Rule 4(h)(1)(b), provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." 32 L.P.R.A. App. III R. 4.4(e). We have already noted that Berroa was not AstraZeneca's agent or authorized to receive service of process for the corporation. Therefore, we find that Plaintiffs' attempt at service of process was also insufficient under Rule 4(h)(1)(a).

When faced with plaintiff's insufficient service of process, district courts have broad discretion to dismiss the action or retain the case and quash service of process. Ramirez De Arellano v. Colloides Naturels Int'l, 236 F.R.D. 83, 86 (D.P.R. 2006); see also 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354 (2004). Because this was Plaintiffs' first attempt to serve process on AstraZeneca, we hereby quash service of process. See Colloides Naturels Int'l, 236 F.R.D. at 86 (noting that service will ordinarily be quashed when there is a "reasonably conceivable means" for obtaining service and jurisdiction over defendant) (internal quotations omitted).

**IV.**

**Conclusion**

For the foregoing reasons, we hereby **GRANT IN PART and DENY IN PART** AstraZeneca's motion (Docket No. 12). Plaintiff's service on AstraZeneca is **QUASHED.** Plaintiffs will have **until December 13, 2011**, to perfect service of process, or their claims against AstraZeneca will be dismissed. We **GRANT IN PART** and **DENY IN PART** the motions by Caraballo and Meléndez (Docket Nos. 14; 15). Plaintiffs' claims against Caraballo and Meléndez under Title VII, the Civil Rights Act of 1991, the ADA, and Puerto Rico Law 44 are **DISMISSED WITH PREJUDICE**. Plaintiffs are free to litigate claims against Caraballo and Meléndez under the federal Equal Pay Act and Puerto Rico Law 100 and Law 69.

Nothing in this Opinion affects Plaintiff's claims against IPR. IPR has not moved for dismissal, and all claims against it remain pending.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of November, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge